IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**NYDIA VALENTIN-VEGA**

    **Plaintiff,**

    v.

**Civil No. 10-1073 (GAG)**

**ALLSTATE INSURANCE COMPANY, et al.,**

    **Defendants.**

**OPINION AND ORDER**

    Nydia Valentín Vega, ("Plaintiff") commenced this action seeking damages for injuries sustained on June 24, 2006, as a result of alleged negligence by co-defendant Robert Ever Tulp ("Tulp"), while driving in Aguadilla, Puerto Rico. Plaintiff brings this action pursuant to Article 1802 of the Civil Code of Puerto Rico ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141. Jurisdiction is invoked under 28 U.S.C. § 1332, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

    Presently before the court is co-defendant Allstate Insurance Company's ("Allstate") motion for summary judgment (Docket No. 15). Plaintiff opposed the motion (Docket No. 18). After reviewing the pleadings and pertinent law, the court **GRANTS** Allstate's motion for summary judgment.

**I.  Standard of Review**

    Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson

**Civil No. 10-1073 (GAG)**                                    2

v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (citations omitted). The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The movant must aver an absence of evidence to support the nonmoving party's case. The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

**II.     Relevant Factual Background**

On June 24, 2006, Plaintiff was driving on Road # 2 in Aguadilla, Puerto Rico. She alleges that co-defendant Tulp hit her car from behind. The parties contacted the Puerto Rico State Police and the accident was reported under number 06-10-103-6726. At the time of the accident, Tulp's insurance policy with Allstate was in full effect.

Plaintiff contends she sustained the following injuries as a result of the accident: (1) cervical sprain; (2) cervical disc bulges at C5-6 with superimposed cervical sprain; (3) cervical root irritability at C7 and C8; (4) suggested cervical radiculopathy; (5) lumbar disc herniation with anterior tear at L5-S1; (6) S1 lumbar radiculopathy; (7) moderately severe Carpal Tunnel Syndrome; and (8) severe Carpal Tunnel Syndrome. Plaintiff also avers she has required surgery and has incurred $46,382.06 in medical expenses.

**Civil No. 10-1073 (GAG)**                              3

On August 29, 2006, Allstate sent Plaintiff a check in the amount of $500 for her claim arising from the accident on June 24, 2006. (See Docket No. 18-1.) Plaintiff through her legal representative, Federico Velez, sent Allstate a response letter. (See Docket No. 18-2.) Communication between the parties regarding her claim continued until January 16, 2009. (See Docket No. 18-3 . . . 18-20.) On January 12, 2010, Plaintiff's new attorney, Carla Arraiza González, sent Allstate a final letter granting 10 business days to settle her claim.

**III.   Discussion**

In its motion for summary judgement, Allstate contends that Plaintiff's complaint is time-barred under Puerto Rico's one-year prescriptive period for tort actions. Plaintiff contends that communications between Allstate and her legal representation tolled the statute of limitations. Plaintiff argues that Allstate acknowledged her right to be compensated and created real expectations that an out of court settlement was in process, inducing her not to file suit.

Under Puerto Rico law, a tort action under Article 1802 is subject to a one-year statue of limitations. See P.R. Laws Ann. tit. 31, § 5298(2). The cause of action under Article 1802 begins to run when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. Tokyo Marine & Fire Ins. Co. v. Perez & Cia, 142 F.3d 1, 4 (1st Cir. 1998). The Supreme Court of Puerto Rico has held that a plaintiff has knowledge of an injury when he has (1) notice of the injury, and (2) notice of the person who caused it. Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 18 (1st Cir. 2000) (quoting Colon Prieto v. Geigel, 15 P.R. Offic. Trans. 313, 330 (P.R. 1984)).

Article 1873 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5303, governs the interruption of the one-year statute of limitations period in personal injury actions. Tokyo Marine, 142 F.3d at 4. Pursuant to Article 1873, there are three ways to toll the statute of limitations period: (1) by the filing of a judicial claim; (2) by an extrajudicial claim; and (3) by any act of acknowledgment of the debt by the debtor. See P.R. Laws Ann. tit. 31, § 5303; see also Rodriguez Narvaez v. Nazario, 895 F.2d 38, 43-44 (1st Cir. 1990) (outlining the specific tolling provisions prescribed by Puerto Rico law).

The first mechanism by which the one-year prescription period can be tolled, "the filing of

**Civil No. 10-1073 (GAG)**                                              4

a judicial claim," speaks for itself. "When a plaintiff tolls the statute of limitations by bringing an action before the courts, the mere filing of the complaint has a tolling effect, rather than the service of the summons." Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 407 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted). "[T]he filing of an action tolls the statute of limitations even if plaintiffs voluntarily dismiss the action without prejudice before the defendants have been summonsed." Id. (citations omitted) (internal quotation marks omitted).

In order for an extrajudicial claim to properly toll the statute of limitations period it must comply with the following criteria: (1) opportunity or timeliness, which requires that the claim be made before the limitation period runs out; (2) that the claim be made by the holder of the right or party to the action whose limitation period is sought to be tolled; (3) adequacy of the means employed to make the claim; and (4) identity between the right claimed and the right affected by the statute of limitations. Vargas-Ruiz v. Golden Arch Development, 283 F. Supp. 2d 450, 456 (D.P.R. 2003) (quoting Galib Frangie v. El Vocero de P.R., 1995 WL 905884, 138 D.P.R. 560, 567 (1995)). "[T]he extrajudicial claim must be 'precise and specific' to have the purported tolling effect." Rodriguez Narvaez, 895 F. 2d at 44 n.11 (citations omitted). Once the statue of limitations period is tolled on a claim, the one-year period is reset and begins to run again from the beginning. Vargas-Ruiz, 283 F. Supp. 2d at 456 (quoting Ramos v. Roman, 83 F. Supp. 2d 233, 241 (D.P.R. 2000)). "The prescriptive term is interrupted on the date on which the defendant receives the extrajudicial claim." Tokyo Marine & Fire, 142 F.3d at 4 (citations omitted).

As to the third method of tolling, an "act of acknowledgment of the debt by the debtor," it has been defined as "any valid act which actually implies the debtor's absolute conformity with the right of the creditor." Rodriguez-Narvaez, 895 F.2d at 44 (quoting Widow of Carlo v. Toro, 99 P.R.R. 196, 207 (1970)). The act of acknowledgment "must communicate the debtor's specific intention of acknowledging the survival of another person's right." Id. It must also " be spontaneous, unequivocal and clear, and can never be deduced from acts or conduct from which only direct inferences can be made as to the debtor's acknowledgment of the effectiveness of the creditor's right." Id.

**Civil No. 10-1073 (GAG)**                               5

In the present case, it is uncontested that the accident took place, and Plaintiff's right of action accrued, on June 24, 2006. Plaintiff's complaint was filed on February 1, 2010, almost four years after the date of accrual. Hence, unless the one year prescription period was effectively tolled, the present action is time-barred. The record contains twenty three (23) written communications between the parties. (See Docket Nos. 18-1 . . . 18-23.) Plaintiff avers that these communications tolled the statute of limitations period because they constituted an act of acknowledgment of the debt by the debtor. (See Docket No. 18 at 12.) "[T]olling acts must be interpreted restrictively against the party invoking their protection." Rodriguez Narvaez, 895 F.2d at 45.

The first communication on record was a check dated August 29, 2006 from Allstate to the order of Plaintiff in the amount of $500.00 for her claim of bodily injuries sustained in the accident with Tulp. (See Docket No. 18-1.) Plaintiff alleges that the amount received did not adequately compensate the damages she sustained, and did not accept the check. On September 24, 2006, through her legal representative, Plaintiff sent Allstate a letter in which she requested the identity of the claims adjuster and the claim number assigned to her case along with a copy of the police report of the accident. However, at this time, Plaintiff did not raise a claim for any kind of remedy, nor express a request for any compensation. (See Docket No. 18-2.) In response to her letter, Allstate sent Plaintiff a letter on October 4, 2006 requesting prior medical records. (See Docket No. 18-3.)

To toll the statute of limitations on her claim, Plaintiff would have to demonstrate that either Defendant had acknowledged a debt owed to her or that she had submitted an extrajudicial claim. With respect to the former, the only communication that could be considered an act of acknowledgment of this debt would be the $500 check Plaintiff received, but refused to accept. Contrary to Plaintiff's argument, the settlement negotiations between the parties did not constitute an act of acknowledgment of the debt. See Diaz de Diana v. A.J.A.S. Insurance Company, 10 P.R. Offic. Trans. 602, ** (1980) ("Efforts made and conversations had between the parties regarding a possible settlement, cannot be regarded as acknowledgment of a debt."). The check was dated August 29, 2006. (See Docket No. 18-3.) Plaintiff's claim was filed on February 1, 2010. (See Docket No. 1.) Therefore, even if the statute of limitations was tolled by the check, the prescriptive

**Civil No. 10-1073 (GAG)**                 6

period would have ended in August 2007.

Furthermore, Plaintiff is unable to demonstrate that the limitations period was tolled by an extrajudicial claim. Her September 24, 2006 letter to Allstate fails to meet the criteria required under Puerto Rico for an extrajudicial claim to properly toll the one-year period. The letter merely requested information and, "thus did not contain the precision and specificity needed for an extrajudicial claim." Ramos-Baez v. Bossolo-Lopez, 240 F.3d 92, 94 (1st Cir. 2001); see Rodriguez-Narvaez, 895 F.2d 44-46, (1st Cir. 1990) (communications between parties did not toll limitations period because letters sent by the plaintiff did not contain claim for damages or legal demand). Because Plaintiff's subsequent communications with Allstate did not constitute extrajudicial claims, the statute of limitations was not tolled.

For the foregoing reasons, the court finds that the one-year prescription period expired prior to Plaintiff's filing her complaint, and thus, the instant action is time-barred. Accordingly, the court **GRANTS** Allstate's motion for summary judgment at Docket No. 15.

**SO ORDERED**

In San Juan, Puerto Rico this 16th day of May, 2011.

*S/Gustavo A. Gelpí*
GUSTAVO A. GELPÍ
United States District Judge